1040 (Form 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NO. |
|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Sharri L. Chahalis | Axos Bank a/k/a BOFI Federal Bank |
| **ATTORNEY(S)** (Firm Name, Address, Telephone No.)<br><br>Robert H. Solomon, Esq.<br>Robert H. Solomon, P.C.<br>24 East Park Avenue<br>Long Beach, New York 11561 | **ATTORNEY(S)** (If Known)<br><br>Karena Straub, Esq.<br>PIB Law Firm<br>270 Davidson Avenue<br>Somerset, NJ 08873 |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee<br>☐ Creditor   ☐ Trustee    ☐ Other | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☑ Creditor   ☐ Trustee    ☐ Other |

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

---

**NATURE OF SUIT**

(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 – Recovery of money/property - § 542 turnover of property
☐ 12 – Recovery of money/property - § 547 preference
☑ 13 – Recovery of money/property - § 548 fraudulent transfer
☐ 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 – Dischargeability – § 523(a)(1), (14), (14A) priority tax claims
☐ 62 – Dischargeability – § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 – Dischargeability – § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 – Dischargeability – § 523(a)(5), domestic support
☐ 68 – Dischargeability – § 523(a)(6), willful and malicious injury
☐ 63 – Dischargeability – § 523(a)(8), student loan
☐ 64 – Dischargeability – § 523 (a)(15), divorce or separation obligation (other than domestic support)
☐ 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
☐ 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01 – Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

☑ Check if this case involves a substantive issue of state law     ☐ Check if this is asserted to be a class action under FRCP 23

☐ Check if a jury trial is demanded in complaint     Demand: $

Other Relief Sought:

**1040 (Form 1040) (12/15), Page 2**

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
|---|---|---|
| Sharri L. Chahalis | 19-76079 | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| Eastern | Central Islip | Hon. Alan S. Trust |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| | Robert H. Solomon, Esq.<br>Robert H. Solomon, P.C.<br>24 East Park Avenue<br>Long Beach, New York 11561 |
| DATE<br>1/23/2020 | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet.  When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In Re:

      Sharri L. Chahalis,

            Debtor

Chapter 13
Case No. 19-76079

---------------------------------------------------------x

      Sharri L. Chahalis,

            Plaintiff,

-against-

      Axos Bank a/k/a
      BOFI Federal Bank,

            Defendant,

Adversary Proceeding
Case No.

---------------------------------------------------------x

      SHARRI L. CHAHALIS (the "Debtor") by her attorneys, Robert H. Solomon, P.C. as and for her complaint alleges as follows:

      1.     This Court has jurisdiction over this Adversary proceeding pursuant to Bankruptcy Rule 7001, and §506(a) and §506(d) of Title 11 of the United States Code (the "Bankruptcy Code") for the purpose of obtaining a declaratory judgment to declare that the claims filed by Axos Bank a/k/a BOFI Federal Bank (the "Lender" and/or "Defendant") are either non-existent or void and that the debt to such Lender and the mortgage recorded by the Lender is void as a matter of law.

      2.     This action is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2)(I). This Court has jurisdiction by virtue of the aforementioned Bankruptcy Code

1

and Bankruptcy Rules to render a determination as to the unsecured status of the alleged lien.

3.    On September 4, 2019, the Debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code.

4.    The Debtor is an individual residing at 5 Schernott Place, Bellmore, New York 11710 (Section 56, Block 3, Lot 72) (the "Premises").

5.    Upon information and belief, the Defendant, Axos Bank a/k/a BOFI Federal Bank, is a foreign company with an address at 9205 West Russell Road, Suite 400, Las Vegas, Nevada 89148 and having an additional address at c/o World Business Lenders LLC, 101 Hudson Street, 33rd Floor, Jersey City, New Jersey 07302.

6.    On or about May 17, 2018 Debtor and Lender entered into a mortgage pursuant to which the Lender was purportedly granted a lien on the Premises. A copy of the Mortgage is annexed hereto as Exhibit "A" (the "Mortgage").

7.    The Mortgage contained the following provision:

> This Mortgage, including the assignment of rents and the security interest in the rents and personal property, is given to secure (A) Payment of the indebtedness and (B) Performance of any and all obligations under the note, the related documents, **and this mortgage is given to secure the payment of the indebtedness pursuant to the Guaranty securing the indebtedness evidenced by the Note.** (emphasis added)

8.    The Mortgage contained the following definitions:

> **Borrower.** The word "Borrower" means **Maxx Coverage Corp.** and includes all co-signers and co-makers signing the Note and all their successor and assigns.
>
> **Guaranty.** The word "Guaranty" means the Continuing Guaranty (unlimited) from Mortgagor to Lender dated May 17, 2018.

2

> **Note.** The word "Note" means the Business Promissory Note and Security Agreement dated May 17, 2018, in the original principal amount of $125,000.00 from Mortgagor to Lender, together with all renewals, extensions, modifications, refinancing, consolidations and substitutions thereof. (emphasis added)

9.      Debtor did not borrow from the Lender and Debtor has no ownership interest, directly or indirectly, in the "Borrower" corporation and did not sign or co-sign the "Note" as those terms are defined is the Mortgage and are hereinafter referred to by the same definition.

10.     Debtor did not benefit from the loan to the Borrower and Debtor never executed the "Guaranty" as that term is defined in the Mortgage and are hereinafter referred to by the same definition.

11.     Under the terms of that Note the borrower is obligated to pay interest at the following rate:

> **Interest rate:** The unpaid Principal shall bear interest at the rate of 0.243561643836% per day until paid in full.

> **Payment Schedule/Application of Payments:**  Borrower shall repay the Principal and interest commencing on 5/22/2018 and on each Business Day thereafter until 8/20/2019 with each daily payment equaling $658.90 followed by a final payment of $657.03 on 8/21/2019, when any remaining outstanding Principal, interest and other unpaid charges shall be due and payable in full. "Business Day" means any Monday through Friday, except Federal Reserve holidays. The period commencing on 5/22/18 and ending 8/21/2019 is referred to as the "Repayment Period".

12.     Upon information and belief, the Borrower defaulted and incurred a pre-payment penalty and is incurring default level interest all as set forth in the proof of claim # 4 filed by Lender.

## AS AND FOR A FIRST CAUSE OF ACTION

13.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 as set forth fully herein.

14.    The agreement between the parties is a loan and/or mortgage as such terms are defined and interpreted by the Courts of the State of New York.

15.    Pursuant to New York General Obligations Law §5-501 (the "Civil Usury Law"):

> No person or corporation shall, directly or indirectly, charge, take or receive any money, goods or things in action as interest on the loan or forbearance of any money, goods or things in action at a rate exceeding the rate above prescribed.

16.    The Civil Usury Law incorporates by reference New York Banking Law §14-a for the maximum rate of interest.

17.    New York Banking Law § 14-a sets the maximum rate of allowable interest in New York to be 16%.

18.    Pursuant to New York General Obligations Law §5-511 for any contract or agreement that violates the Civil Usury Law, " ... the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and cancelled."

19.    The agreements, as same exists, between the parties violate the New York Civil Usury Law.

20.    Debtor is entitled to. a declaration from this Court declaring the agreements set forth by Lender in Claim #4 void, surrendered and cancelled, and removing the Lender from the list of creditors, secured or unsecured due to Lenders violation of the New York

Civil Usury Law.

## AS AND FOR A SECOND CAUSE OF ACTION

21.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 20 as set forth fully herein.

22.    Pursuant to New York Penal Law § § 190-40, 190-42 knowingly charging a rate of interest in excess of 25% per annum constitutes criminal usury and is a felony.

23.    The rate of interest charged by Lender for the loan exceeds 25% per annum and the Lender is guilty of criminal usury under New York State Law.

24.    Debtor is entitled to. a declaration from this Court declaring the agreements set forth by Lender in Claim #4 void, surrendered and cancelled, and removing the Lender from the list of creditors, secured or unsecured due to Lenders violation of the New York Criminal Usury Law.

## AS AND FOR A THIRD CAUSE OF ACTION

25.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 as set forth fully herein.

26.    Because the agreements set forth by Lender in Claim #4 are void under state law, any payments by the Debtor lacked consideration and thus all the alleged repayments are recoverable.

27.    Accordingly, Debtor in entitled to: (1) avoid the debt to the Defendant pursuant to 11 U.S.C. § 548(a)(1)(B); and (2) preserve the avoided payments under the Agreements for the benefit of the Estate pursuant to 11 U.S.C. §§ 550(a) and 55l.

## AS AND FOR A FOURTH CAUSE OF ACTION

28.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 as set forth fully herein.

29.    Alternatively, Plaintiff is entitled to the cancellation of all interest charged under the Agreements due to the violation of the New York Civil and/or Criminal Usury Laws.

## AS AND FOR A FIFTH CAUSE OF ACTION

30.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 as set forth fully herein.

31.    Alternatively, Plaintiff is entitled to the reformation of the Agreements to 16% interest, being the maximum rate of interest allowable under New York Law.

## AS AND FOR A SIXTH CAUSE OF ACTION

32.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 as set forth fully herein.

33.    Debtor never executed the Note or the Guaranty and therefore has no obligation to pay the Lender.

34. .   The Debtors obligation to pay the Lender is necessary in order for the Lender to enforce the Mortgage.

35.    Accordingly, the alleged Mortgage is void or voidable as a matter of New York law.

## AS AND FOR A SEVENTH CAUSE OF ACTION

36.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1

through 35 as set forth fully herein.

37.    Debtor never executed the Note or the Guaranty and therefore has no obligation to pay the Lender.

38.    Accordingly, Lender does not have a valid claim, either secured or unsecured, and Lender's sole recourse should be against the Borrower and not the Debtor.

**WHEREFORE,** Plaintiff requests a judgment be entered against Defendant, Axos Bank a/k/a BOFI Federal Bank and in favor of the Plaintiff:

(a) declaring the Note and Mortgage set forth herein null and void under the New York Civil Usury Law and/or the New York Criminal Usury Law and/or failure by Lender to obtain the signature of the Debtor on the Note and/or Guaranty;

(b) avoiding the debt incurred under the Note and Mortgage as it relates to Debtor; preserving the avoided transfers for the benefit of the Estate; and recovering the value of the avoided transfers for an amount to be determined at trial.

(c) alternatively, declaring all interest claimed due under the Note and Mortgage cancelled and nonrecoverable;

(d) alternatively, reforming the Note and Mortgage to the maximum allowable rate of interest under New York Law;

(e) together with such other and further relief as the Court deems just and proper.

Dated: Long Beach, New York
    January 27, 2020

ROBERT H. SOLOMON, ESQ.
**RHS 3889**
Attorney for Plaintiff Sharri Chahalis
24 East Park Avenue
Post Office Box 58
Long Beach, New York 11561
(516) 432-1622

8

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In Re:

      Sharri L. Chahalis,

                Debtor

Chapter 13
Case No. 19-76079

----------------------------------------------------------x

      Sharri L. Chahalis,

                Plaintiff,

     -against-

      Axos Bank a/k/a
      BOFI Federal Bank,

                Defendant,

Adversary Proceeding
Case No.

----------------------------------------------------------x

---

## SUMMONS AND COMPLAINT

---

ROBERT H. SOLOMON, ESQ.
ROBERT H. SOLOMON, P.C.
Attorney for Plaintiff
24 East Park Avenue
Post Office 58
Long Beach, New York 11561
(516) 432-1622
Fax (516) 432-1713